IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **GEROME ALEXANDER YOUNG** | * | |
| Petitioner | * | |
| | * | |
| v. | * | Civil No.     **PJM 12-2330** |
| | * | Criminal No. **PJM 08-0551** |
| | * | |
| **UNITED STATES OF AMERICA** | * | |
| | * | |

.

## MEMORANDUM OPINION

Gerome Alexander Young was sentenced to 195 months of imprisonment in August 2009, after pleading guilty to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). The Fourth Circuit affirmed his sentence on appeal. *See United States v. Young,* 442 Fed. Appx. 755 (4th Cir. 2011). Represented by new counsel, Young has filed a Motion to Vacate under 28 U.S.C. § 2255. The Government has responded to this Motion, and concedes Young is entitled to the relief requested. For the reasons discussed below, the Court **GRANTS** Young's Motion.

∗∗∗

Young was sentenced under the Armed Career Criminal Act, 18 U.S.C. § 924(e)(1), which provides a maximum sentence of 15 years imprisonment for a felon in possession. He was sentenced as an Armed Career Criminal because the Court understood at the time of sentencing that he had been convicted of three predicate crimes of violence. As listed in the Pre-Sentence Report and as understood not only by the Court, but by the Assistant U.S. Attorney and Young's counsel as well, his convictions were for: 1) Assault with Intent to Rob, in the Circuit Court for Prince George's County, Maryland, Case CT96-1819X; 2) Robbery, in the Circuit Court for Prince George's County, Maryland, Case CT02-1151X; and 3) Resisting Arrest, in the

1

Circuit Court for Prince George's County, Maryland, Case CA00-4331J. At sentencing, Young's counsel did argue that Young's resisting arrest conviction was not a "crime of violence" under the Armed Career Criminal Act, but this Court rejected that argument and the Fourth Circuit affirmed. The Court thereafter sentenced Young to 195 months imprisonment. Importantly, had Young not been found to be an Armed Career Criminal, he would have been sentenced under 18 U.S.C. § 924(a)(2), which sets a maximum penalty of 120 months imprisonment.

In his Motion to Vacate, Young argues that: (a) because one of his three predicate crimes was not actually a "crime of violence," his criminal history was incorrectly calculated, resulting in an illegal sentence; (b) trial counsel was ineffective for failing to properly investigate his criminal history; and (c) the sentencing error constituted a miscarriage of justice which is subject to collateral attack. Specifically, Young argues that the conviction which was understood at sentencing to be a conviction for resisting arrest (Case CA00-4331J), was in fact a conviction for possession of cocaine, which is not a crime of violence. Young asserts that trial counsel was ineffective in not bringing this to the Court's attention, because counsel had not fully reviewed the files in her possession. Indeed, Young's trial counsel has submitted an affidavit asserting she did fail to adequately review the records and that the error was hers.[1]

The Government, in its response, agrees that if the complete record in Case No. CA00-4331J had been presented at the sentencing hearing, the Government would have conceded that Young was not an Armed Career Criminal. The Government, moreover, notes that the

---

[1] Young also argues that the transcript of the cocaine conviction shows that Young pleaded guilty by *nolo contendere,* and under *United States v. Alston,* 611 F.3d 219, 227 (4th Cir. 2010), when an offense is not categorically violent, the Court may not look to *Shepard*-type documents if the defendant pleaded in a way that does not admit guilt. *See Shepard v. United States,* 544 U.S. 13, 26 (2005). Because the Court vacates its sentence on other grounds, it need not address this issue.

proceeding in which Young pleaded *nolo contendere* to possession of cocaine did not comply with constitutional requirements and that a complete record of that proceeding "undeniably fails to establish that defendant was convicted of a crime of violence, as required by *Shepard*." *See* Dkt. 59. The Government concedes that this is the "rare case" in which the standard for ineffective assistance of counsel is met and relief is warranted. *Id.*

\* \* \*

The Court agrees that Young's possession of cocaine is not a predicate crime of violence, and that Young was erroneously found to be an Armed Career Criminal. In short, he should not have been sentenced pursuant to that statute, but rather pursuant to 18 U.S.C. § 924(a)(2), which carries a maximum penalty of 120 months.

It is clear that Young's trial counsel was ineffective in this critical respect. Under *Strickland*, *v. Washington,* 466 U.S. 668, 694 (1984), counsel is ineffective if counsel's representation falls below "an objective standard of reasonableness" and "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Here it was objectively reasonable to expect that trial counsel would investigate her client's prior convictions, which would obviously impact his sentencing. *See Wiggins v. Smith*, 539 U.S. 510, 521 (2003) (relating to investigation of mitigating evidence for use at sentencing). Trial counsel, with admirable candor, has submitted an affidavit stating her failure to fully investigate was error, not a strategic decision. Moreover, but for this error, Young's sentence clearly would have been different. The Government concedes it would have agreed that Young was *not* an Armed Career Criminal if it had had the full records before it of the cocaine possession conviction. The Court, without question, would not have sentenced Young as an

Armed Career Criminal, and he could not have been given more than the statutory maximum of 120 months imprisonment, not the 195 months he did receive.

Accordingly, Young's Motion is **GRANTED,** Young's sentence is **VACATED,** and a new sentencing hearing shall be scheduled. This Order is not intended to effectuate Young's immediate release from custody.

A separate Order will be **ENTERED.**

**May 17, 2013**

/s/
**PETER J. MESSITTE**
**UNITED STATES DISTRICT JUDGE**